PER CURIAM.
Jerome L. Moore appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which contains three claims relating to the voluntariness of his plea and five claims of ineffective assistance of trial counsel. We find merit only in the allegation of ineffective assistance of counsel for failure to thoroughly investigate the victim’s recantation of her statement to the authorities. We reverse and remand to the trial court for further proceedings on this single issue.
On November 1, 1993, Moore was charged with one count of capital sexual battery and one count of lewd and lascivious act. The victim, C.G., was a child under the age of eleven on September 24, 1993, the date the offense was alleged to have occurred. The deposition of C.G. was taken on December 20, 1993. At that time, C.G. stated that she had lied in September when she accused Moore of the alleged acts. She indicated that she was “mad” at Moore because she believed he was being too strict with her. She testified that she knew if she told her mother that he had committed the offenses charged “he’d get in trouble.” C.G confessed her fabrication to her mother later when she realized she “missed [Moore].”
The victim’s mother also was deposed on December 20,1993: Her testimony supports the recantation of C.G. Allegedly, C.G. came to her mother two or three weeks after she accused Moore of the offenses. The child confessed that she had been untruthful. The mother went to the state attorney’s office to inform them of the latest development and was made to feel like, “you know, I’m trying to turn her or tell her this or something.” The mother insisted that she was not attempting to change the child’s testimony. She stated in the deposition, “And I told [the state attorney], ‘I’m not trying to change her, I’m just going by what my daughter tell me.’ She came and told me it wasn’t true. I’m just taking step by step as for what I know to do.”
Moore claims that on numerous occasions he urged counsel to meet with the victim and the victim’s mother to discuss the recantation which had occurred nine months before the plea was entered. Moore claims that counsel did not follow-up or pursue this defense. Moore’s allegation on this issue is facially sufficient and, if true, could entitle him to some relief. Therefore, the trial court must either hold an evidentiary hearing on this issue or attach record to the order denying relief that conclusively refutes the claim.
In its order denying the motion, the court merely states that the plea colloquy establishes that the plea was freely and voluntarily entered. Further, the court held *573 that counsel was not ineffective for discontinuing his investigations due to Moore’s decision to enter guilty pleas. The court’s order and the record are insufficient to refute Moore’s legally sufficient allegation that he repeatedly requested that counsel examine the depositions and question the deponents about the victim’s recantation.
Accordingly, the court’s order denying the motion for postconvietion relief is reversed as to this single issue. On remand, the court must either conduct an evidentiary hearing or attach to its order summarily denying the claim those portions of the case file and record which demonstrate that no relief is warranted. In all other respects the order denying the motion is affirmed.
Affirmed in part, reversed in part, and remanded with instructions.
PARKER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.